UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| FULLSCOPE IT, INC.<br>c/o Ryan Rosencranz<br>1196 Indian Landing Road<br>Millersville, MD 21108<br><br>       Plaintiff,<br><br>   v.<br><br>OCEANVIEW CONSULTING GROUP, LLC<br>839 Bestgate Road<br>Suite 400<br>Annapolis, MD 21401<br><br><u>SERVE ON:</u><br>Matthew P. Kraeuter, Resident Agent<br>12216 Ocean Gateway #1300<br>Ocean City, MD 21842<br><br>       Defendants. | Civil Action No. _____<br><br>Complaint for Trademark Infringement |

**COMPLAINT FOR PERMANENT INJUNCTION
AND DAMAGES**

Plaintiff, Fullscope IT, Inc. (hereinafter "Fullscope"), by and through its undersigned counsel, brings this Complaint against Defendant Oceanview Consulting Group, LLC ("OCG"), and alleges as follows:

**NATURE OF THE ACTION**

This is an action for trademark infringement, unfair competition, and domain name cybersquatting for Defendant's violations of Sections 32 and 43(a) of the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a) respectively, for Defendant's violations of the Anticybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d) (the "Anticybersquatting Act"), and specifically Section 3002(a) of the Act, 15 U.S.C. § 1125(d)(1),

and for Defendant's violations of Fullscope's common law rights.  Plaintiff seeks injunctive relief as well as other equitable relief and compensatory and punitive damages arising from Defendants' willful, unlawful, intentional, unfair, and misleading conduct.

## PARTIES

1. Fullscope is a Maryland corporation having a principal business address at 1196 Indian Landing Road, Millersville, MD 21108.

2. Upon information and belief, OCG, is a Maryland limited liability company, having a principal business address at 839 Bestgate Road, Suite 400, Annapolis, MD 21401.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1125(a) and 28 U.S.C. §§ 1367, 1331 and 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in that this action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and under the Anticybersquatting Act, 15 U.S.C. § 1125(d).

4. This Court also has subject matter jurisdiction over the common law claims of unfair competition averred herein pursuant to the provisions of 28 U.S.C. § 1338(b) in that the claims are joined with substantial and related claims under the Lanham Act, 15 U.S.C. § 1125(b), and the Anticybersquatting Act U.S.C. § 1125(d).

5. This Court has personal jurisdiction over Defendant OCG because Defendant OCG has offered services under the offending FULLSCOPE IT mark within this District.  A substantial part of the events or omissions giving rise to the claims here occurred in this district.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**FACTUAL ALLEGATIONS**

7. Fullscope is the owner of the name and common-law trademark FULLSCOPE IT for providing managed IT support to clients in diverse industries across the country.

8. Fullscope is a managed service provider, or "MSP" and mainly provides monitoring and maintenance of the IT infrastructure of its clients to resolve potential issues before they impact businesses. Fullscope continues to offer all of the listed services in this District.

9. Prior to any acts of Defendant OCG as set forth here, Fullscope has been using the name and mark FULLSCOPE IT consistently and pervasively in interstate commerce in connection with all of the listed services since at least 2008, as evidenced by Exhibit A, Fullscope's 2008 Website, a true copy of which is attached here and incorporated by reference. Fullscope formerly operated the domain name, www.fullscopeit.com. *See* Exhibit A, Fullscope's 2008 Website.

10. Fullscope's logo changed only once, from gold lettering to an orange and blue lettering – this lettering change is depicted on Fullscope's client contracts from 2011 and 2017, as evidenced by Exhibit B, Fullscope Contracts, a true copy of which is attached here and incorporated by reference. Both logos use the name and mark FULLSCOPE IT.

11. Fullscope has used and continues to use its trademark throughout Maryland.

12. In addition, this trademark developed brand recognition through the industry, including, but not limited to, twice being recognized as a top 500 managed service provider worldwide.

13. Defendant, OCG was formed on December 17, 2019, as evidenced by Exhibit C, OCG Articles of Incorporation, a true copy of which is attached here and incorporated by reference.

14. Fullscope entered into an operating agreement with OCG, as a Member of OCG, effective January 1, 2020 as evidenced by Exhibit D, OCG Operating Agreement, a true copy of which is attached here and incorporated by reference.

15. Defendant, OCG offers, among other services, managed IT support to clients in a nearly identical fashion to Fullscope.  OCG also offers network security services, and maintenance of IT infrastructure.  OCG transacts business for these services under the FULLSCOPE IT trademark in this District.

16. OCG now advertises its services on the internet through a website with the domain name www.fullscopeit.com.

17. OCG advertises that it provides services in Maryland, Arizona, New York and Virginia.

18. According to the Operating Agreement, Ryan Rosencranz, the sole shareholder of Fullscope, had contributed capital to OCG, including "all of the assets of FullScope IT, Inc. ***excepting the name*** "FullScope IT." *See* Exhibit D, Operating Agreement at § 3.1.1 (emphasis added).

19. Fullscope never gave OCG the trademark FULLSCOPE IT.  The Operating Agreement explicitly provides that the name "FullScope IT" shall be licensed to [OCG] from Rosencranz." *Id*.  The parties understood that Fullscope's exit from the company would terminate the license to OCG as well.

20. On or about March 18, 2021, Fullscope voluntarily resigned as a Member of OCG, as evidenced by Exhibit E, Fullscope Withdrawal Letter, a true copy of which is attached here and incorporated by reference.

21. Due to Fullscope's resignation from OCG, Fullscope is no longer affiliated with OCG.

22. Despite Fullscope's severing of its ties with OCG, OCG continues, to this day, to transact business under the FULLSCOPE IT trademark in this District without Fullscope's permission.

23. Further, OCG uses the mark FULLSCOPE IT to advertise that it has been conducting business since "1999" as written on its website's homepage, a true copy of which is attached here as Exhibit F, OCG Website. This 1999 date is used despite OCG's creation only in 2019. In actuality, the 1999 date is the creation date of OCG's Arizona member, The I.T. Workshop.

24. The services on which Fullscope uses its marks are identical or essentially identical to the services on which Defendant OCG uses its marks in that both are offering the same types of managed IT services to the same category of consumers.

25. The marks used by Fullscope and Defendant OCG are nearly identical. The dominant portions are identical, and the marks are similar in appearance, pronunciation, connotation and overall commercial impression.

26. The services of each party are offered in the same channels of trade and to the same types of consumers and people seeking IT network service management.

27. Fullscope's first use of FULLSCOPE IT predates Defendant OCG's use of FULLSCOPE IT.

28. Defendant OCG no longer has a license from Fullscope to use the FULLSCOPE IT trademark.

29.     Defendant OCG is willfully infringing on Fullscope's trademark, by continuing to provide managed IT services in connection with the FULLSCOPE IT mark, after Fullscope has notified Defendant OCG of its infringing activities.  Defendant OCG's similar mark, for use with identical services and in the same channels of trade, is likely to cause confusion, or to cause mistake, or to deceive as compared with Fullscope's common law FULLSCOPE IT marks. Fullscope has been and is therefore likely to continue be damaged by Defendant OCG's use of its FULLSCOPE IT mark for its services.

## FIRST CAUSE OF ACTION
### (FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114)

30.     Fullscope incorporates by reference each and every allegation set forth in the preceding paragraphs as if the same were fully set forth herein.

31.     Fullscope has used, in commerce, including but not limited to use in connection with Fullscope's services, the term FULLSCOPE IT as a trademark designation to indicate the source of the services provided by Fullscope.

32.     The term FULLSCOPE IT as used in commerce by Defendant OCG is very similar to and likely to be confused with the mark covered by Fullscope's trademark for FULLSCOPE IT.

33.     Defendant OCG uses the term FULLSCOPE IT in commerce in connection with the sale, offering for sale, distribution or advertising of services that are substantially identical to the services offered by Fullscope.

34.     Defendant OCG's use of the term FULLSCOPE IT in commerce in connection with the sale, offering for sale, distribution or advertising of services is likely to cause confusion, or to cause mistake, or to deceive consumers or potential consumers as to the origins of the services

offered under this designation and/or as to the affiliation, connection or association of Defendant OCG with Fullscope in violation of 15 U.S.C. §1114.

35. Defendant OCG's use of the term FULLSCOPE IT in commerce in connection with the sale, offering for sale, distribution or advertising services constitutes federal trademark infringement of the FULLSCOPE IT trademark.

36. As a result of Defendant OCG's infringement of Fullscope's trademark FULLSCOPE IT, Fullscope has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate Fullscope for Defendant OCG's infringement.

37. Defendant OCG has committed these acts of infringement without license or authorization from Fullscope.

38. All infringing activities taken by Defendant OCG since at least March 18, 2021 are willful since after that date, Fullscope voluntarily resigned from OCG and no longer granted OCG a license to use its mark, FULLSCOPE IT. As such, Defendant OCG was put on notice that it was infringing Fullscope's trademarks. Unless and until enjoined by this Court, Defendant OCG's trademark infringement will continue unabated and continue to injure Fullscope, for which injuries Fullscope has no adequate remedy at law.

**SECOND CAUSE OF ACTION**
**(Unfair Competition – 15 U.S.C. § 1125(a))**

39. Fullscope incorporates by reference each and every allegation set forth in the preceding paragraphs as if the same were fully set forth herein.

40. The FULLSCOPE IT trademark has become uniquely associated with Fullscope and Fullscope's services, and the public identifies Fullscope as the source of services offered under the FULLSCOPE IT trademark.

41. Defendant OCG has marketed and continues to market and offer for sale its own services under a trademark identical or substantially similar to the FULLSCOPE IT trademark. Defendant OCG's actions in doing so have enabled Defendant OCG to trade off of the goodwill and reputation that Fullscope has established in the FULLSCOPE IT trademark.

42. Defendant OCG's use of the term FULLSCOPE IT as branding of its website, in advertising in connection with the marketing, sale, offering for sale, distribution, and advertising of competing services creates a false designation of origin, and constitutes false or misleading representations of fact, and has caused and is likely to continue to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant OCG with Fullscope, or as to the origin, sponsorship, or approval of Defendant OCG's services, and commercial activities by Fullscope in violation of 15 U.S.C. § 1125(a)(1)(A).

43. Such confusion, mistake and deception will irreparably harm Fullscope's reputation and goodwill. Fullscope has no control over the quality or sale of Defendant OCG's services. Defendant OCG's reckless disregard of Fullscope's rights is contrary to the public interest and harmful to the reputation associated with Fullscope's services.

44. Defendant OCG's acts as described herein were committed knowingly, willfully, intentionally, and deliberately and without the authorization or approval of Fullscope, and Fullscope is thereby entitled to recover additional damages and reasonable attorneys' fees pursuant to 25 U.S.C. § 1117.

45. Unless and until enjoined by this Court, Defendant OCG's unfair competition will continue unabated and continue to injure Fullscope, for which injuries Fullscope has no adequate remedy at law.

9076261.3 37978/146593 10/11/21

## THIRD CAUSE OF ACTION
## (CYBERSQUATTING – 15 U.S.C. § 1125(d))

46.     Fullscope incorporates by reference each and every allegation set forth in the preceding paragraphs as if the same were fully set forth herein.

47.     Fullscope is informed and believes, and on the basis of such information and belief alleges, that the Defendant OCG has had, and continues to have, a bad faith intent to profit from the name FULLSCOPE IT, which is protected as a distinctive mark and personal name under Section 3002(a) of the Anticybersquatting Act, 15 U.S.C. § 1125(d)(1).

48.     Specifically, Defendant OCG used and continues to use the domain name, www.fullscopeit.com without permission from Fullscope, as Fullscope has resigned from the company, OCG, and ended its license to OCG to use the mark FULLSCOPE IT.

49.     OCG continues to market and offer for sale its own IT services, identical to that of Fullscope, under the domain name www.fullscopeit.com.  Defendant OCG's actions in doing so have enabled Defendant OCG to substantially profit off of the domain name that Fullscope had established as far back as 2008.  *See* Exhibit A, Fullscope's 2008 Website.

50.     Fullscope is therefore entitled to a judgment from this court compelling Defendant OCG to transfer all ownership in the domain www.fullscopeit.com to Fullscope, or in the alternative for cancellation of the domain name, pursuant to Section 3002(a) of the Anticybersquatting Act, 15 U.S.C. 1125(d)(1)(C).

51.     Plaintiff is further entitled to a preliminary and permanent injunction enjoining Defendant OCG from any use of the domain name www.fullscopeit.com pursuant to Section 3003 of the Anticybersquatting Act, 15 U.S.C. § 1116(a).

52. Unless and until enjoined by this Court, Defendant OCG's domain name cybersquatting will continue unabated and continue to injure Fullscope, for which injuries Fullscope has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Fullscope IT, Inc. requests that the Court:

A. Grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendant OCG and its agents, affiliates, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from directly or indirectly using or displaying the FULLSCOPE IT trademark or any mark similar to FULLSCOPE IT, and the domain name www.fullscopeit.com or any domain name similar to www.fullscopeit.com in connection with any services related to title services, as the brand of the products or services or the brand of the website or other service;

B. Grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendant OCG and its agents, servants, affiliates, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from engaging in any conduct that is likely to cause confusion, deception, or mistake, or to injure Fullscope's business reputation or to dilute the distinctive quality associated with the FULLSCOPE IT trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and associated with the domain name www.fullscopeit.com in violation of Section 3002(a) of the Anticybersquatting Act, 15 U.S.C. § 1125(d);

C. Order, pursuant to 15 U.S.C. § 1118, that all labels, signs, prints, pamphlets, banners, advertisements, goods, printed pages or colorable imitations of the FULLSCOPE IT trademark, including the FULLSCOPE IT mark in the possession of Defendant OCG or its agents, affiliates, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, shall be delivered up and destroyed and that all uses of any of the mark FULLSCOPE IT as a brand and/or on any webpages or other ecommerce channels of commerce owned or controlled by Defendant OCG, in connection with any products or service, be taken down;

D. Order Defendant OCG to account to and pay over to Fullscope all damages sustained by Fullscope by reason of said acts of trademark infringement, unfair competition and domain name cybersquatting complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(b) as a result of Defendant OCG's willful violations of 15 U.S.C. § 1125(a), and 15 U.S.C. § 1125(d);

E. Award punitive and exemplary damages against Defendant OCG and in favor of Fullscope by reason of Defendant OCG's intentional, deliberate, fraudulent, malicious and willful conduct;

F. Order Defendant OCG to pay to Fullscope the costs of this action, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a); and

G. Grant such other and further relief as the Court deems just in the circumstances.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted,

Date:  October 11, 2021

/s/      *Robert A. Gaumont*
Robert A. Gaumont, Fed. Bar No. 26302
GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
Phone: (410) 576-4007
rgaumont@gfrlaw.com

*Attorneys for Fullscope IT, Inc.*